UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY LEE SMITH,

    *Plaintiff*,

v.

KATHLEEN HAWK SAWYER,[1]
Director, Federal Bureau of Prisons

    *Defendant*.

No. 19-CV-548 (RDM)

**ORDER**

    Plaintiff Gary Lee Smith brings suit against the Federal Bureau of Prisons alleging that fees he paid in connection with various health care services he received while incarcerated were not forwarded to victims "in accordance with the order of restitution" in his criminal case, as required by 18 U.S.C. § 4048(g)(1). *See* Dkt. 1 at 6–7. Where an incarcerated person is not subject to an order of restitution, those fees are still collected, but are forwarded to the Crime Victims Fund and to the Attorney General. *See* 18 U.S.C. § 4048(g)(2).

    The government moves to dismiss on a number of grounds, including for lack of subject matter jurisdiction on the basis that Smith lacks standing. Dkt. 16 at 5–6. Standing requires "'a personal stake in the outcome of the controversy [sufficient] to warrant . . . federal-court jurisdiction.'" *Chamber of Commerce v. EPA*, 642 F.3d 192, 199 (D.C. Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "[T]he irreducible constitutional minimum of standing contains three elements": (1) an "injury in fact;" (2) a "causal connection

---

[1] Director Sawyer is automatically substituted as the defendant pursuant to Fed. R. Civ. Pro. 25(d).

between [that] injury and the conduct complained of; and (3) "redressability." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Although the Court must take the allegations in Plaintiff's complaint as true, it may also "consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1254 (D.D.C. 2005) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

The declarations that the government provides in its submission demonstrate that the Plaintiff has failed to establish this "irreducible constitutional minimum." *Id.* As the government points out, his restitution obligations have been fully paid. *See* Dkt. 16-2 at 65 (letter from the Bureau of Prisons notifying the plaintiff that "[t]he principal of the restitution debt has been paid in full by your co-defendants and the balance owed has been written off."). And, Plaintiff does not allege that he made restitution payments that he would not have otherwise been required to make had his fees been credited towards that obligation. *See* Dkt. 1. Thus, nothing in the record shows that Plaintiff has either overpaid his restitution obligations or is subject to a restitution obligation that would be reduced if he was successful in pressing his claims. Absent such a concrete injury, Plaintiff lacks standing to pursue his claim. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation.").

Accordingly, it is hereby ORDERED that Defendant's motion to dismiss, Dkt. 16, is GRANTED with leave for the Plaintiff to amend his complaint within 45 days to include any allegations that would support this Court's exercise of jurisdiction.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: December 19, 2019